IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SKYLA P. TAYLOR**                                                             **PLAINTIFF**

v.                                             CIVIL ACTION NO. 1:18-CV-90-HSO-JCG

**AAA AMBULANCE SERVICE**                                   **DEFENDANT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is a Title VII suit filed by Plaintiff Skyla P. Taylor. Although originally represented by counsel, the Court allowed Plaintiff's counsel to withdraw due a conflict of interest (ECF Nos. 18 & 19; Text Only Order of August 8, 2018). Plaintiff was ordered to either employ alternate private counsel or notify the Court of her intent to proceed *pro se*. Plaintiff has failed to obey the orders of the Court; therefore, the undersigned recommends that the Complaint be dismissed.

### DISCUSSION

Plaintiff filed suit against Defendant AAA Ambulance Service on March 27, 2018. Her Complaint states that after she filed her initial charge of race discrimination with the Equal Employment Opportunity Commission, the Defendant retaliated against her by providing "unnecessary negative references" to a potential employer. Her attorneys filed a Motion for Leave to Withdraw as Counsel (ECF No. 18) on July 26, 2018. On July 27, 2018, the Court took the Motion under advisement (ECF No. 19). Withdrawing counsel were ordered to serve the Order on the Plaintiff by certified mail, return receipt requested and file a certificate of service indicating compliance. The Order directed Plaintiff to either

"(1) employ private counsel and have that counsel enter a written notice of appearance in this case, or (2) notify the Clerk of Court, in writing, that she will be representing herself in this case." Plaintiff's deadline to comply was September 7, 2018, and she was warned that failure to comply could result in dismissal.

On September 6, 2018, prospective counsel contacted the Court via chambers email. He indicated that Plaintiff had contacted him about this case, but stated he needed additional time to evaluate it before deciding whether to represent the Plaintiff. Therefore, the Court extended Plaintiff's deadline to October 10, 2018 (Text Only Order of September 6, 2018). A copy of that Order was mailed to Plaintiff at her address of record. However, alternate counsel did not enter an appearance on Plaintiff's behalf, nor did Plaintiff inform the Court of a decision to proceed *pro se*.

Therefore, on October 16, 2018, the Court entered its first Order to Show Cause (ECF No. 21). Plaintiff was ordered to "show cause in writing why this case should not be dismissed for failure to comply" with the Court's prior Orders. Her response was due on or before November 6, 2018, and she was informed that failure to timely respond or failure to show good cause for her lack of compliance could result in dismissal. This Order was also mailed to Plaintiff at her address of record. Plaintiff contacted the Court via chambers email on October 21, 2018. In a reply email, the Court informed the Plaintiff that her response to the Order (ECF No. 21) should be filed with the Clerk's Office to be included in the record. She was provided

with the Clerk's address and was instructed to submit her response by November 6, 2018. Plaintiff failed to so.

The Court entered a Second Order to Show Cause (ECF No. 22) on November 15, 2018. Plaintiff was ordered to show cause in writing why her case should not be dismissed for failure to comply with the Court's orders by December 6, 2018. Once again, Plaintiff was warned that failure to comply may result in dismissal. To date, Plaintiff has not filed a response to either Order to Show Cause, she has not informed the Court of her desire to proceed *pro se*, and she has not had private counsel enter an appearance in this case.

This Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 18th day of December, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE