# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SKYLA P. TAYLOR | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:18cv90-HSO-JCG |
| | § | |
| AAA AMBULANCE SERVICE | § | DEFENDANT |

## ORDER ADOPTING MAGISTRATE JUDGE'S [23] REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE

This matter comes before the Court on the Report and Recommendation [23] of United States Magistrate Judge John C. Gargiulo, entered in this case on December 18, 2018. Based upon the Magistrate Judge's review of the record and relevant legal authority, he recommended that this case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to abide by the Court's Orders. R. & R. [23] at 3. The Court finds that the Report and Recommendation [23] should adopted in its entirety as the finding of this Court and that this case should be dismissed without prejudice.

## I. BACKGROUND

Plaintiff Skyla P. Taylor ("Plaintiff") filed a Complaint [1] in this Court on March 27, 2018, through retained counsel. The Complaint asserted claims against her former employer, AAA Ambulance Service, for retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.*, and 42 U.S.C. § 1981. Compl. [1] at 1; Order [14] at 1.

On July 26, 2018, Plaintiff's counsel filed a Motion [18] for Leave to Withdraw, citing a conflict of interest. The Magistrate Judge entered an Order [19] taking the Motion [18] under advisement and directed counsel to serve Plaintiff with a copy of the Order. The Magistrate Judge also granted Plaintiff until September 7, 2018, to either "(1) employ private counsel and have that counsel enter a written notice of appearance in this case, or (2) notify the Clerk of Court, in writing, that she will be representing herself in this case." Order [19] at 1. The Magistrate Judge cautioned that "[s]hould Plaintiff fail to either retain new counsel or notify the Clerk of Court that she will be representing herself in this case, the claims will be subject to dismissal." *Id.* After counsel filed a Certificate of Service [20] indicating that he had served Plaintiff as directed, the Magistrate Judge granted counsel's Motion [18] for Leave to Withdraw. *See* Aug. 8, 2018, Text Order.

On September 6, 2018, prospective counsel contacted the Magistrate Judge's chambers via e-mail and indicated that he needed additional time to evaluate the case before deciding whether to represent Plaintiff. *See* Sept. 6, 2018, Text Order. The Magistrate Judge extended the time for retaining new counsel or otherwise notifying the Court until October 10, 2018. *See id.*

After Plaintiff did neither by this deadline, the Magistrate Judge entered his first Order [21] to Show Cause on October 16, 2018, and required Plaintiff to show cause in writing by November 6, 2018, why the case should not be dismissed for failure to comply with the Court's Orders. Order [21] at 2. The Magistrate Judge

warned that "[s]**hould plaintiff fail to timely respond or fail to show good cause for her lack of compliance in this case, this matter may be dismissed without further notice to Plaintiff**." *Id.*

Plaintiff filed nothing by the November 6, 2018, deadline, and the Magistrate Judge entered a Second Order [22] to Show Cause, requiring a response by December 6, 2018. Plaintiff was again cautioned that her case may be dismissed without further notice if she failed to respond or show cause. *See* Order [22] at 2.

After the deadline to respond to the Second Order [22] to Show Cause passed with no response from Plaintiff, the Magistrate Judge entered a Report and Recommendation [23] on December 18, 2018, recommending that Plaintiff's case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority, due to Plaintiff's failure to prosecute and obey Orders of the Court. *See* R. & R. [23] at 3.

Any objection to the Magistrate Judge's Report and Recommendation [23] was due within fourteen (14) days of service. L.U. Civ. R. 72(a)(3). To date, Plaintiff has not filed any objection to the Magistrate Judge's Report and Recommendation [23].

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection

3

is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [23] as the opinion of this Court, and this civil action will be dismissed without prejudice for Plaintiff's failure to prosecute and to abide by the Court's Orders.

Even under a de novo review, the result would not change. This Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the Court. *See Link*, 370 U.S. at 629-30.

Plaintiff's inaction represents a clear record of delay or contumacious conduct, and it is apparent that Plaintiff no longer wishes to pursue this case. Dismissal is warranted.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [23] of United States Magistrate Judge John C. Gargiulo, entered in this case on December 18, 2018, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and to abide by the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 28th day of January, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE